# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**LORENZO ACOSTA**  **PETITIONER**
Reg # 08176-180

VS.   NO. 2:09-CV-00029-BD

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**   **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Lorenzo Acosta filed this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2241 to challenge the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. At the time Petitioner filed his petition, he was in custody at the Federal Correctional Complex ("FCC"), Forrest City, Arkansas.[1] For the reasons set forth below, the petition must be DISMISSED.

**I.   Facts**

Petitioner was arrested by state authorities in Nolan County, Texas on June 12, 2004. On June 16, 2004, he was charged in the United States District Court for the Northern District of Texas with conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 846.

On June 21, 2004, the United States Marshal took temporary custody of Petitioner from the authorities in Nolan County, Texas, pursuant to a *writ of habeas corpus ad*

---

[1] Petitioner is now incarcerated at the Federal Correctional Institution, La Tuna, in Anthony, Texas.

*prosequendum*. (#8-2 at p. 13) On October 1, 2004, the United States District Court for the Northern District of Texas sentenced Petitioner to twenty-four (24) months' imprisonment for violating the terms of his supervised release on a previous federal conviction. (#8-2 at p. 15)

On November 18, 2004, the same District Court sentenced Petitioner to 150 months' imprisonment for possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting. (#8-2 at p. 17)

After sentencing, the United States Marshal attempted to return Petitioner to Nolan County authorities, but was informed that the state had dismissed all of its charges against Petitioner. (#8-2 at p. 13) Accordingly, the Marshal took custody of Petitioner, and he began serving his federal sentences. (#8-2 at p. 13)

The BOP informed Petitioner that his 150-month sentence would be consecutive to his 24-month sentence, for an aggregate sentence of 174 months. (#8-2 at pp. 6-8) In this petition, Petitioner challenges the BOP's calculation of his sentence. Specifically, Petitioner claims that his 150-month sentence should run concurrently with his 24-month sentence, for an aggregate sentence of 150 months.[2]

---

[2] The parties agree that Petitioner has exhausted his administrative remedies with respect to his claim. (#8-2 at p. 3)

Respondent contends that the BOP has calculated Petitioner's sentence correctly under 18 U.S.C. § 3584(a). (#8 at p. 2) For the reasons set forth below, Petitioner's petition must be dismissed.

## II. Discussion

The Court reviews the BOP's decision for abuse of the agency's "substantial discretion under 18 U.S.C. § 3621." *Fegans*, 506 F.3d 1101, 1105 (8th Cir. 2007). The Attorney General, through the BOP, has responsibility for computing federal sentences and determining the commencement of sentences under 18 U.S.C. § 3585. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351 (1992)).

Respondent contends that because the Judge was silent about whether the sentences he imposed were to be served concurrently or consecutively, the BOP is required by law to compute the federal sentences as running concurrently. (#2 at p. 3, 9)

Under 18 U.S.C. § 3584(a), "when a federal defendant is 'already subject' to 'an undischarged term of imprisonment,' [§ 3584] expressly authorizes the district court to make the federal sentence run 'concurrently or consecutively' with the undischarged term." *Fegans*, 506 F.3d at 1103; See also U.S.S.G. § 5G1.3; *United States v. Shafer*, 438 F.3d 1225, 1227 (8th Cir. 2006). If the court is silent, however, then under § 3584(a), there is a presumption that the sentences are consecutive. 18 U.S.C. § 3584(a). Title 18 U.S.C. § 3584(a) provides:

> (a) Imposition of concurrent or consecutive terms. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

In this case, the same District Court Judge imposed both sentences. He was aware of the sentence on the supervised release violation and, under the statute, had discretion to order the second sentence (for possession with intent to distribute marijuana) to be served concurrently with the first. The Judge chose, however, to be silent in the judgment and commitment order as to the manner in which the second sentence was to be served. Given that silence, the BOP's construction of the sentence, that is, to run the sentences consecutively under 18 U.S.C. §3584(a), is not unreasonable or contrary to law.

## III. Conclusion

Accordingly, Lorenzo Acosta's Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice.

IT IS SO ORDERED, this 8th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE